UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

CHARLES DOLAN, )
   Plaintiff )
)
v. )
)
WALSH BROTHERS, INCORPORATED, )
   Defendant )

## **COMPLAINT AND JURY DEMAND**

### Introduction

This is an action brought under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and Mass. Gen. Laws ch. 151B ("chapter 151B"), challenging the Defendant's discriminatory and retaliatory termination of Mr. Dolan.

### Jurisdiction & Venue

1. The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over pendent claims pursuant to 28 U.S.C. § 1367(a).

### Parties

2. Plaintiff Charles Dolan is an adult resident of Pembroke, Massachusetts.

3. Defendant Walsh Brothers, Incorporated ("Walsh Brothers") is a Massachusetts corporation with headquarters in Boston, Massachusetts.

### Facts

4. Mr. Dolan worked for Walsh Brothers for more than 25 years, most recently as a project superintendent.

5. In or around November 2009, Mr. Dolan was informed by his doctors that because of a severe arthritic degenerative condition in one of his hips, he needed to have hip replacement surgery.

6. Mr. Dolan promptly notified Walsh Brothers of his need for a medical leave of absence.

7. In or around December 2009, Mr. Dolan underwent hip-replacement surgery and began an approved leave of absence. The leave of absence was expected to last for about 4-6 weeks.

8. Later in December 2009, Mr. Dolan notified Walsh Brothers of his intent to return to work in early January 2010. On or about December 29, 2009, he was advised by e-mail that his employment had been terminated.

9. Mr. Dolan asserted his rights under the FMLA, chapter 151B, and the ADA, through an April 2, 2010 demand letter and complaints sent to Walsh Brothers.

10. Mr. Dolan filed a charge of discrimination with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission on April 5, 2010.

11. Walsh Brothers agreed to reinstate Mr. Dolan in return for a release of any legal claims. As a result, Mr. Dolan was reinstated on or about April 20, 2010.

12. Several months later, Walsh Brothers again terminated Mr. Dolan. In doing so, Walsh Brothers claimed that there was insufficient work. In fact, this was not the real reason for his termination. Even if there were a decline in work, Walsh Brothers' decision to select Mr. Dolan for termination was motivated by his prior assertion of statutory rights and/or by the fact that he was "handicapped" or "disabled" under chapter 151B or the ADA.

13. Mr. Dolan filed a charge of discrimination and retaliation with the MCAD and the EEOC. Mr. Dolan received a right-to-sue letter from the EEOC and is filing this complaint within the time period required by that letter.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

14. At the time of his termination, Mr. Dolan was qualified individual with a disability under 42 U.S.C. §§ 12102 & 12111. He was terminated because of his disability, in violation of 42 U.S.C. § 12112.

## COUNT II
## CHAPTER 151B – HANDICAP DISCRIMINATION

15. At the time of his termination, Mr. Dolan was a qualified handicapped person under Mass. Gen. Laws ch. 151B, § 1(16). He was terminated because of his handicap, in violation of Mass. Gen. Laws ch. 151B, § 4.

## COUNT III
## FAMILY MEDICAL LEAVE ACT – RETALIATION

16. Mr. Dolan was terminated in retaliation for exercising his rights under the FMLA. As a result, Walsh Brother's termination of Mr. Dolan violated 29 U.S.C. § 2615.

## COUNT IV
## CHAPTER 151B – RETALIATION

17. Mr. Dolan was terminated in retaliation for exercising his rights under Mass. Gen. Laws ch. 151B. As a result, Walsh Brother's termination of Mr. Dolan violated Mass. Gen. Laws ch. 151B, § 4(4).

## COUNT V
## ADA – RETALIATION

18.     Mr. Dolan was terminated in retaliation for exercising his rights under the ADA. As a result, Walsh Brother's termination of Mr. Dolan violated 42 U.S.C. § 12203.

### JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Mr. Dolan asks this Court to enter appropriate declaratory injunctive and compensatory relief for Walsh Brothers' unlawful actions, including back pay, reinstatement, emotional distress, punitive damages, attorneys' fees and costs, and interest.

CHARLES DOLAN

By his attorneys,

/s/ Stephen Churchill
Harold L. Lichten BBO#549689
Stephen S. Churchill BBO#564158
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994 5800
schurchill@llrlaw.com

Dated: 7/19/2011